# EXHIBIT B(2)

FILED
DALLAS COUNTY
2/14/2014 6:16:44 PM
GARY FITZSIMMONS
DISTRICT CLERK

CAUSE NO. DC-14-00947

| | | |
|---|---|---|
| **SCA PROMOTIONS, INC.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **160TH JUDICIAL DISTRICT** |
| **YAHOO!, INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| | § | |

---

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

---

Plaintiff SCA Promotions, Inc. ("SCA") files this First Amended Original Petition against Defendant Yahoo!, Inc. ("Yahoo!") and alleges as follows:

### SCHEDULING LEVEL:

This case should be governed under a Level II Scheduling Order.

### I.      PARTIES

1.      Plaintiff SCA Promotions, Inc. ("SCA") is a Texas corporation, with its principal place of business in Dallas, Texas.

2.      Defendant Yahoo! is a Delaware corporation, with its principal place of business in Sunnyvale, California.  It can be served with process through its Chief Executive Officer at 701 First Avenue, Sunnyvale, California 94089 or through its registered agent in Texas, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas  75201.

3.      Yahoo! also maintains an office at 1680 Glenville, Richardson, Texas

### II.      JURISDICTION AND VENUE

4.      This Court has personal and subject matter jurisdiction over this lawsuit. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, SCA states that it seeks monetary

---

relief in an amount over $1,000,000.00.   This court has personal jurisdiction over defendant because Yahoo! transacts substantial business in this State sufficient to confer general jurisdiction over it.   Further, and as described in greater detail herein, Yahoo! entered into and breached a contract with a Texas corporation and therefore has contacts sufficient to subject it to the specific jurisdiction of this court.

5.      Venue in Dallas County, Texas is proper pursuant to § 15.002(a)(1) as the events giving rise to this lawsuit arose in this County.

### III.      FACTS

6.      On December 27, 2013, SCA and Yahoo! entered into a written contract known as the "Contingent Prize Contract #70816" (referred to herein as "Contract").

7.      The Contract covered a promotion known as the "Tourney Pick 'Em" (the "Promotion").   Yahoo! is the sponsor of the Promotion (and is referred to as "Sponsor" in the Contract).   The Promotion involved contestants trying to correctly predict the winners of each of the 63 games of the upcoming 2014 NCAA Men's Basketball Tournament.

8.      If any contestant correctly predicted in advance of the tournament the winner of each of the 63 games, and both Yahoo! and the contestant complied with all of the applicable material terms of the Contract and the Sponsor's "Official Promotion Rules," then SCA was obligated to pay to the contestant a $1 billion prize as specified in the Promotion (*i.e.* paid out with a 40-year annuity of $5 million annual payments and a balloon payment at the end of that 40-year term).

9.      In exchange for SCA agreeing to undertake this significant liability, Yahoo! agreed to pay SCA a fee of $11 million.   Ten percent of the fee ($1,100,000) was due on or

before December 31, 2013 and Yahoo in fact paid that fee to SCA.  The remainder of the fee was due on or before February 15, 2014.

10.     On January 27, 2014, Yahoo! sent notice to SCA that it was cancelling the Contract.  The Contract provides that Yahoo! may, upon written notice, cancel the Contract provided that such notice is given at least fifteen (15) minutes prior to the tip off of the initial basketball game.

11.     However, the Contract also specifies that if Yahoo! cancels the Contract, it nonetheless is obligated to pay a cancellation fee as set out in the Contract.  The Contract specifies that if Yahoo! cancels the Contract *after* January 15, 2014, but *before* February 15, 2014, then Yahoo! must pay fifty percent (50%) of the agreed upon $11 million fee.  Since Yahoo! cancelled on the Contract on January 27, 2014, the Contract requires Yahoo! to pay SCA $5.5 million (50% of the $11 million fee, of which $1.1 million already had been paid).

12.     Despite cancelling the Contract, Yahoo! has refused to pay the required cancellation fee.

13.     Instead, Yahoo! claims that it owes no such fee and has even demanded return of the initial $1.1 million payment.

14.     As a result, Yahoo! is in breach of the Contract.

## First Cause of Action  (Breach of Contract)

15.      SCA and Yahoo! have a Contract as described above.

16.     Pursuant to the terms of the Contract, Yahoo! owes SCA at least $4.4 million.

17.     Yahoo! has refused to pay the amount owed.

18.     SCA has performed all necessary conditions to be entitled to the payment owed to it by Yahoo!.

19.     All conditions precedent and necessary to Yahoo!'s performance have been satisfied or have been waived or excused because of Yahoo's cancellation of the Contract.

20.     Yahoo! is in breach of the Contract and SCA has suffered damages as a result.

21.     SCA is entitled to recover its damages in an amount of at least $4.4 million, plus interest and costs.

## IV.     ATTORNEYS' FEES

22.     SCA realleges and incorporates the foregoing allegations as it fully set forth herein.

23.     SCA seeks recovery of its reasonable and necessary attorneys' fees, costs, and expenses through trial and all appeals pursuant to Texas Civil Practice and Remedies Code § 38.001(8).

## V.     JURY DEMAND

24.     Plaintiff demands a trial by jury.

## VI.     CONDITIONS PRECEDENT

25.     All conditions precedent to Plaintiff's claims for relief have been performed, occurred or excused.

## VII.     PRAYER FOR RELIEF

Considering the premises, Plaintiff requests that this Court, upon final hearing, enter judgment against Defendant for the following relief:

(1)     Damages in an amount to be determined at trial;

(2)     Reasonable and necessary attorneys' fees in an amount to be determined at trial;

(3)     Costs of suit incurred herein; and

(4)     Such other and further relief in law or in equity to which Plaintiff may be justly

entitled.

Respectfully submitted,

_____
Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile
jmt@lynnllp.com

**ATTORNEYS FOR PLAINTIFF**