IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCA PROMOTIONS, INC.,** | § | |
| *Plaintiff and Counter-Defendant,* | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 3:14-cv-957** |
| | § | |
| | § | |
| **YAHOO! INC.** | § | **DEMAND FOR JURY TRIAL** |
| *Defendant and Counter-Plaintiff.* | § | |

<u>**DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIMS**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW, YAHOO!, Inc. ("Yahoo"), Defendant herein, and in compliance with

Fed. R. Civ. P. 13 and Fed. R. Civ. P. 15(a)(1)(A), files this its Amended Answer and

Counterclaims to the Plaintiff's Original Petition and Plaintiff's First Amended Original Petition

(the "Petition") and respectfully shows the Court as follows (all paragraph references are to the

Plaintiff's First Amended Original Petition):

<u>**SCHEDULING LEVEL**</u>

     With respect to the paragraph regarding scheduling level of the Petition, Yahoo denies

the allegations contained therein.

**I. PARTIES**

1.  With respect to paragraph 1 of the Petition, Yahoo is without knowledge or information

    sufficient to form a belief as to the truth or falsity of the allegations in the paragraph. For

    this reason, Yahoo denies the allegations of the paragraph.

2.  With respect to paragraph 2 of the petition, Yahoo denies the allegations contained therein.

3.  With respect to paragraph 3 of the Petition, Yahoo admits that the allegations contained therein.

## II. JURISDICTION AND VENUE

4.  With respect to paragraph 4 of the petition, Yahoo denies the allegations contained therein.

5.  With respect to paragraph 5 of the petition, Yahoo denies the allegations contained therein.

## III. FACTS

6.  With respect to paragraph 6 of the petition, Yahoo admits the allegations contained therein.

7.  With respect to paragraph 7 of the petition, Yahoo admits the allegations contained therein.

8.  With respect to paragraph 8 of the petition, Yahoo admits the allegations contained therein.

9.  With respect to paragraph 9 of the petition, Yahoo denies the allegations contained therein, except Yahoo admits to paying SCA Promotions, Inc. ("SCA") $1,100,000 before December 31, 2013.

10. With respect to paragraph 10 of the petition, Yahoo admits the allegations contained therein.

11. With respect to paragraph 11 of the petition, Yahoo denies the allegations contained therein.

12. With respect to paragraph 12 of the petition, Yahoo denies the allegations contained therein.

13. With respect to paragraph 13 of the petition, Yahoo admits the allegations contained therein.

14. With respect to paragraph 14 of the petition, Yahoo denies the allegations contained therein.

**First Cause of Action (Breach of Contract)**

15. With respect to paragraph 15 of the petition, Yahoo denies the allegations contained therein.

16. With respect to paragraph 16 of the petition, Yahoo denies the allegations contained therein.

17. With respect to paragraph 17 of the petition, Yahoo denies the allegations contained therein.

18. With respect to paragraph 18 of the petition, Yahoo denies the allegations contained therein.

19. With respect to paragraph 19 of the petition, Yahoo denies the allegations contained therein.

20. With respect to paragraph 20 of the petition, Yahoo denies the allegations contained therein.

21. With respect to paragraph 21 of the petition, Yahoo denies the allegations contained therein.

## IV. ATTORNEYS' FEES

22. With respect to paragraph 22 of the petition, Yahoo denies the allegations contained therein.

23. With respect to paragraph 23 of the petition, Yahoo denies the allegations contained therein.

## V. JURY DEMAND

24. With respect to paragraph 24 of the petition, no response is required from Yahoo.

## VI. CONDITIONS PRECEDENT

25. With respect to paragraph 25 of the petition, Yahoo denies the allegations contained therein.

## VII. PLAINTIFF'S PRAYER

26. With respect to paragraph VII (1) of the petition, Yahoo denies the allegations contained therein.

27. With respect to paragraph VII (2) of the petition, Yahoo denies the allegations contained therein.

28. With respect to paragraph VII (3) of the petition, Yahoo denies the allegations contained therein.

29. With respect to paragraph VII (4) of the petition, Yahoo denies the allegations contained therein.

## VIII. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

30. The Petition fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

31. SCA's claim is barred, in whole or in part, because of its material breach of the Yahoo

Master Vendor Terms & Conditions ("MVTC").

### THIRD AFFIRMATIVE DEFENSE

32. The Petition fails to state facts sufficient to constitute a cause of action, given SCA's

material breach initially breached the contract that it now attempts to recover under.

### FOURTH AFFIRMATIVE DEFENSE

33. SCA's claim is barred, in whole or in part, because SCA has waived any claims it may

have.

### FIFTH AFFIRMATIVE DEFENSE

34. SCA's claim is barred, in whole or in part, because SCA has unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

35. SCA's claim is barred, in whole or in part, because SCA is estopped from asserting its

claims.

### SEVENTH AFFIRMATIVE DEFENSE

36. SCA's claim is barred, in whole or in part, because there was a failure of consideration

and accordingly the duty to perform is discharged.

### EIGHT AFFIRMATIVE DEFENSE

37. SCA's claim is barred, in whole or in part, because performance is excused as a result of

impossibility of performance.

### NINTH AFFIRMATIVE DEFENSE

38. SCA's claim is barred, in whole or in part, because any recovery under its cause of action

would result in SCA's unjust enrichment.

## TENTH AFFIRMATIVE DEFENSE

39. SCA's claim is barred, in whole or in part, by SCA's misrepresentation in matters

relevant to the Petition.

## ELEVENTH AFFIRMATIVE DEFENSE

40. SCA's claim is barred, in whole or in part, because its damages, if any, are the proximate

result or producing cause of its own misrepresentation, actions, or omissions over which

Yahoo has no control.

## TWELFTH AFFIRMATIVE DEFENSE

41. SCA's claim is barred, in whole or in part, by its failure to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

42. SCA's claim is barred, in whole or in part, because any alleged harm suffered by SCA

was the result of conduct of third parties for which Yahoo is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

43. SCA's claim is barred, in whole or in part, by SCA's frustration and prevention of

Yahoo's performance.

## FIFTEENTH AFFIRMATIVE DEFENSE

44. Yahoo has engaged in all relevant activities in good faith, thereby precluding SCA, even

if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C.

§ 285.

## SIXTEENTH AFFIRMATIVE DEFENSE

45. In accordance with the Federal Rules of Civil Procedure, Yahoo reserves the right to

supplement or assert additional defenses to SCA's claims as investigation and discovery

may warrant.

## DEFENDANT'S COUNTERCLAIMS

## I.  FACTS

1. Defendant and Counter Plaintiff Yahoo is a technology company headquartered in Sunnyvale, California. It is globally known for its Search, Communications, Digital Content, and Video Services.

2. Plaintiff and Counter Defendant SCA Promotions, Inc. ("SCA") procures financing for promotional events.

3. During the summer of 2013 Yahoo developed a unique promotional concept whereby it intended to offer a $1 billion prize promotion to be tied to the 2014 NCAA Men's College Basketball Tournament Bracket (herein "the Concept"). In its most basic terms, the Concept called for Yahoo to promote a bracket contest wherein anyone who correctly picked all 63 games of the NCAA Men's College Basketball Tournament would win the $1 billion prize.

4. Yahoo first brought the Concept to SCA in August 2013. Throughout 2013, Yahoo worked diligently with SCA to obtain underwriting for the Concept.

5. At all times relevant herein SCA was retained as Yahoo's agent for the purpose of securing underwriting for the Concept. As an agent for Yahoo in this capacity, SCA was subject to Yahoo's Master Vendor Terms & Conditions ("MVTC").

6. At all times relevant herein, SCA was bound by the confidentiality provisions contained in section 5 of the MVTC. Throughout the development of the Concept, Defendant Yahoo shared confidential information and documents with SCA.

7. The parties entered into a Prize Contract on December 27, 2013, with the MVTC incorporated into the contract by reference (the "Contract").

8.  SCA knew that confidentiality was critical to the success of the Concept. Yahoo therefore relied upon SCA's discretion in implementing and pitching the Concept and operated with the reasonable belief that SCA would comply with its confidentiality obligations and, crucially, share Yahoo's confidential information and trade secrets only with third parties who would themselves be subject to a nondisclosure agreement or similar confidentiality agreement.

9.  Yahoo expressly relied upon SCA to pursue underwriting for the Concept without misusing Yahoo's confidential information or allowing potential partners access to, or knowledge of, Yahoo's proprietary and confidential information without putting in place appropriate protections of that information.

10. During the course of the relationship between Yahoo and SCA, SCA approached third parties, including Warren Buffett and Berkshire Hathaway Inc., (together "Berkshire Hathaway") about underwriting the prize to be paid by the Concept.

11. On January 21, 2014, Berkshire Hathaway, one of the third parties with whom SCA had negotiated, announced its own contest in conjunction with Quicken Loans, the "Billion-Dollar Bracket Challenge" that was virtually identical to the Concept created by Yahoo.

12. For example, the "Billion-Dollar Bracket Challenge," copies distinct elements from the Concept developed by Yahoo and, upon information and belief, shared with third parties by SCA:

    a.  the prize is tied to the entry of a perfect bracket that selects all 63 games of the 2014 NCAA Men's Basketball Tournament;

    b.  the total prize for a perfect bracket is $1 billion;

    c.  the title of the promotion is "Billion $ Bracket" or "B$B;"

d.  payout of the $1 billion prize in annual payments over 40 years or by lump sum payment; and

e.  the number of entries was limited to 10,000,000 entrants.

13. All of these details, and more, were shared by Yahoo directly with SCA. SCA then communicated these details to third parties, including Berkshire Hathaway, without taking proper precautions to ensure that the confidential information regarding the Concept would not be compromised.

14. It has been reported in various news outlets and websites that Berkshire Hathaway reported developing the Concept in or around November 2013.

15. The Concept was not originated by Berkshire Hathaway or any third party, nor was it originated in or around November 2013, but rather the Concept was originated by Yahoo in the summer of 2013.

16. Despite the special relationship in law between Yahoo and SCA, SCA acted in its own best interest in misusing and abusing Yahoo's trust by disclosing Yahoo's confidential and proprietary information and trade secrets to third parties.

17. As a result of the acts undertaken by SCA, in an effort to mitigate its losses, Yahoo has by necessity been forced to work with third parties as part of the "Billion-Dollar Bracket Challenge," which was going forward with or without Yahoo's participation.

18. The Concept and Yahoo have been damaged both financially and in reputation as a result of SCA's misuse of Yahoo's confidential and proprietary information.

19. Further, the failure of SCA to properly protect Yahoo's confidential information and trade secrets and to attempt to compete with Yahoo wholly undermined Yahoo's plans.

20. As part of its agreement with SCA, Yahoo paid an initial payment of $1.1 million to SCA, a sum which SCA has wrongfully refused and continues to wrongfully refuse to refund.

## II.  CAUSES OF ACTION

### <u>COUNT ONE</u> – COUNTERCLAIM FOR BREACH OF CONTRACT

21. Yahoo incorporates the preceding paragraphs as if fully recited herein.

22. As an agent for Yahoo, SCA was subject to Yahoo's MVTC.

23. SCA was bound by the confidentiality provisions contained in section 5 of the MVTC.

24. Yahoo and SCA entered into a valid and binding Contract.

25. The MVTC is incorporated by reference into the Contract.

26. Included in that Contract was a confidentiality clause, requiring each party to keep information regarding the development and implementation of the Concept confidential.

27. Yahoo fully performed its duties under the MVTC and the Contract as evidenced by Yahoo's initial payment of $ 1.1 million to SCA.

28. SCA breached the confidentiality clause, and subsequently breached the MVTC and the Contract, by disclosing confidential information to third parties.

29. Both the act of disclosure and the extent of the disclosure were not authorized by Yahoo.

30. As a result of the disclosure, the Concept has lost its economic and advertising value.

31. The foregoing actions have resulted, and will continue to result, in injury to Yahoo.

### <u>COUNT TWO</u> - COUNTERCLAIM FOR NEGLIGENT BREACH OF CONTRACT

32. Yahoo incorporates the preceding paragraphs as if fully recited herein.

33. SCA owed Yahoo a duty of care arising from the MVTC and the Contract.

34. The Contract between SCA and Yahoo was meant to economically benefit both parties. With respect to Yahoo, Yahoo was to be benefitted through increased website traffic, advertising opportunities, and economic gain.

35. Much of the Concept's value was based on its novelty and uniqueness. This value would be significantly decreased if similar promotions were run directly prior to, or in conjunction with, the Concept. The harm from premature disclosure and resulting imitation was foreseeable as evidenced by the necessity of the confidentiality clause.

36. But for SCA's disclosure of the Concept to third parties, Yahoo would have been able to effectively and productively implement Yahoo's Concept.

37. The purpose of the MVTC and the Contract was to provide a stable and predictable working environment so both parties could perform their respective duties to the benefit of one another. If SCA's actions, and similar actions committed by others, go unpunished, the probability of future economic and societal harm from lack of faith in contract stability is certain and would be severe.

38. Yahoo has suffered injury in the form of lost web traffic, advertising revenue, and economic gain.

39. The foregoing actions have resulted, and will continue to result, in injury to Yahoo.

## COUNT THREE – COUNTERCLAIM FOR BREACH OF COVENANT OF CONFIDENTIALITY

40. Yahoo incorporates the preceding paragraphs as if fully recited herein.

41. Yahoo and SCA entered into a valid and binding Contract.

42. Included in the MVTC and the Contract was a confidentiality clause.

43. Through accepting the terms of the MVTC, signing the Contract and agreeing to the confidentiality clause, SCA purported to act with Yahoo's interest in mind.

44. As a result, Yahoo believed it had gained SCA's confidence.

45. Yahoo divulged information and ideas to SCA with the belief such information would be kept confidential.

46. SCA disclosed this confidential information to third parties without Yahoo's authorization.

47. Both the act of disclosure and the extent of the disclosure were not authorized by Yahoo.

48. As such, SCA breached the confidential relationship established by the MVTC and the Contract.

49. The foregoing actions have resulted, and will continue to result, in injury to Yahoo.

## <u>COUNT FOUR</u> - COUNTERCLAIM FOR BREACH OF FIDUCIARY DUTY

50. Yahoo incorporates the preceding paragraphs as if fully recited herein.

51. SCA and Yahoo had a fiduciary relationship. The fiduciary relationship exists in that agents owe a fiduciary duty to their principals.

52. Specifically, SCA was retained as Yahoo's agent for the purpose of securing financial backing for the Concept and accordingly in the process obtained confidential information, proprietary information, and trade secrets.

53. SCA breached its fiduciary duty to Yahoo in that it revealed confidential information, proprietary information, and trade secrets to the third parties who in turn used the information to their competitive advantage.

54. Neither the act of disclosure nor the extent of the disclosure were authorized by Yahoo.

55. The foregoing actions have resulted, and will continue to result, in injury to Yahoo.

## COUNT FIVE - COUNTERCLAIM FOR NEGLIGENT MISREPRESENTATION

56. Yahoo incorporates the preceding paragraphs as if fully recited herein.

57. SCA made a representation to Yahoo in the course of SCA's business or in a transaction in which SCA had an interest.

58. SCA supplied false information for the guidance of others.

59. Specifically, SCA assured Yahoo that SCA would maintain confidentiality of Yahoo's trade secrets and confidential information.

60. SCA did not exercise reasonable care or competence in obtaining, communicating, and/or maintaining these assurances.

61. Yahoo justifiably relied on the representation that SCA would safeguard Yahoo's trade secrets and confidential information.

62. SCA's negligent misrepresentation proximately caused Yahoo's injury within the jurisdictional limits of this Court.

## COUNT SIX – COUNTERCLAIM FOR MISAPPROPRIATION OF TRADE SECRETS

63. Yahoo incorporates the preceding paragraphs as if fully recited herein.

64. Yahoo had painstakingly developed and created the Concept.

65. As an agent for Yahoo, SCA was subject to Yahoo's MVTC.

66. SCA was bound by the confidentiality provisions contained in section 5 of the MVTC.

67. The MVTC is incorporated by reference into the Contract.

68. Yahoo contracted with SCA to secure funding for the Concept. Included in the Contract is a confidentiality clause, preventing SCA from disclosing Yahoo's trade secrets with regard to the Concept.

69. SCA breached the MVTC and the Contract by disclosing Yahoo's trade secrets to third parties, including Berkshire Hathaway.

70. Berkshire Hathaway used Yahoo's trade secrets to create a virtually identical promotion, the "Billion-Dollar Bracket Challenge."

71. This identical promotion has destroyed the Concept's novelty, and as such has rendered it economically unsustainable.

72. As such, SCA misappropriated Yahoo's trade secrets to Yahoo's detriment.

73. The foregoing actions of SCA have resulted, and continue to result, in injury to Yahoo.

### III. DAMAGES

74. Yahoo incorporates the preceding paragraphs as if fully recited herein.

75. As a direct and proximate result of all of the several acts or omissions, individually or taken in concert with one another, and as described hereinabove, Yahoo has suffered damages in an amount in excess of the minimum jurisdictional limits of the Court, and for which claim is made against SCA.

### IV. ATTORNEY'S FEES

76. Yahoo seeks the collection and payment of attorney's fees. Yahoo would show that the attorney's fees incurred in the preparation and presentation of these matters for the adjudication of rights, for obtaining damages by reason of breach thereof, and for such other remedies as plead herein, were necessary and proper and that the attorney's fees incurred were for said purposes. Yahoo has obligated itself for the payment of said reasonable attorney's fees which shall be proved at the time of trial, and for which award is requested of the trier of fact on behalf Yahoo and against SCA.

### V. PRAYER

WHEREFORE, premises considered, upon notice and hearing as required by law, Yahoo requests that the Court enter an order that Yahoo be awarded the following:

a.  Actual damages within the jurisdictional limits of this Court;

b.  Lost Profits;

c.  Consequential Damages;

d.  Exemplary Damages;

e.  Fee Forfeiture;

f.  Pre-judgment interest;

g.  Post-judgment interest;

h.  Attorneys' fees;

i.  Costs of court; and

j.  Such other and further relief, at law or in equity, to which Yahoo may show itself justly entitled.

Respectfully submitted,

/s/ *Thomas Patrick Lane*
THOMAS PATRICK LANE

WINSTON & STRAWN LLP
THOMAS PATRICK LANE (*Pro Hac Vice*)
tlane@winston.com
ERIN R. RANAHAN (*Pro Hac Vice*)
eranahan@winston.com
DESIREE M. RIPO (*Pro Hac Vice*)
dmripo@winston.com
200 Park Avenue
New York, NY 10166
(212) 294-6700
(212) 294-4700 Facsimile

DARRELL W. COOK & ASSOCIATES,
A PROFESSIONAL CORPORATION
DARRELL W. COOK
State Bar No. 00787279
dwcook@attorneycook.com
CATHERINE A. KEITH
State Bar No. 24046193
catherine@attorneycook.com
One Meadows Building
5005 Greenville Ave. Suite 200
Dallas, TX  75206
(214) 368-4686
(214) 363-9979 Facsimile

**ATTORNEYS FOR DEFENDANT YAHOO!
INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served upon all parties herein on the

April 14, 2014 in accordance with the TEXAS RULES OF CIVIL PROCEDURE as follows:

Jeffrey. M. Tillotson, P.C.
Texas Bar No. 20039200
LYNN TILLOTSON PINKER & COX, LLP
2100 Ross Ave. Suite 2700
Dallas, TX 75201


/s/ *Thomas Patrick Lane*
THOMAS PATRICK LANE