**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SCA PROMOTIONS, INC.,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:14-CV-957-P |
| § | | |
| **YAHOO! INC.,** § | | |
| Defendant. § | | |

## ORDER

Pursuant to the order of reference filed January 22, 2015, before the Court for determination are *Defendant Yahoo! Inc.'s Motion for Protective Order to Quash the Deposition of Its President, Chief Executive Officer, and Director Marissa Mayer and Brief in Support* (doc. 54); and *Defendant Yahoo! Inc.'s Motion for Protective Order to Quash the Deposition of Its Co-Founder, Chief Yahoo, and Director David Filo and Brief in Support* (doc. 55), both filed January 20, 2015.

An oral argument concerning the issues set forth the in the parties' joint submission was conducted on February 20, 2015. All parties appeared through counsel. After consideration of the relevant filings, evidence, oral argument, and applicable law, and for the reasons stated on the record during the hearing, the motions for protective order to quash the depositions are **DENIED**.

The Court finds that the movant did not meet its initial burden under Rule 26(c) and (b) of the Federal Rules of Civil Procedure to show good cause sufficient to warrant quashal of the depositions of its high level executive officers. *See Staton Holdings, Inc. v. Russell Athletic, Inc.*, 2010 WL 1372479, at *1-2 (N.D. Tex. Apr. 7, 2010) (burden is on the movant seeking a protective order to prevent the deposition of a high-ranking official to show the necessity of issuance of a protective order); *see also Powertech Technology, Inc. v. Tessara, Inc.,* 2013 WL 3884254 (N.D. Cal. July 26, 2013) (apex official, as the person seeking to avoid discovery, bears the burden of showing that good cause exists to prevent the deposition; the apex deposition principle in not an automatic bar that the

party seeking the deposition must overcome by a showing of good cause)*; Van Den Eng v. The Coleman Co.,* No. 05-MC-109-WEB-DWB, 2005 WL 3776352, at *2-3 (D. Kan. Dec. 14, 2005) (noting that motions for protective orders for apex officials are treated under the same standards as any other protective order).  While courts have the discretion under Rule 26(b) to order that the deposition of a high-ranking official be taken after the depositions of other employees with relevant knowledge, *see Salter v. Upjohn Co.,* 593 F.2d 649, 651-52 (5th Cir. 1979), the movant did not meet its burden to provide a sufficient demonstration of facts that would justify the exercise of this discretion in this case at this time.  It cited to only 4 pages in the joint appendix and therefore provided no or insufficient evidence to show that conducting the depositions would cause an undue burden, prejudice, specific harm, or that the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive.  *See Serrano v. Cintas Corp.*, 699 F.3d 884, 900-02 (6th Cir. 2012) (a party seeking a protective order prohibiting the deposition of a high-ranking government or corporate official must not only demonstrate that the official lacks knowledge; it must also demonstrate the harm the deponent would suffer by submitting to the deposition).

The movant shall produce the witnesses that are the subject of the motions for deposition within twenty-one days of the date of this order, unless otherwise agreed by the parties.  Based on the representation of the respondent, the depositions shall be limited to three hours each.

All relief not expressly granted is denied.

**SO ORDERED** on this 20th day of February, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE