IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCA PROMOTIONS, INC.,** | § | |
| *Plaintiff and Counter-Defendant,* | § | |
| | § | |
| | § | |
| | § | **CASE NO. 3:14-cv-957-P (JJS)** |
| **v.** | § | |
| | § | |
| | § | |
| **YAHOO! INC.** | § | |
| *Defendant and Counter-Plaintiff.* | § | |

## DEFENDANT YAHOO! INC.'S REPLY IN FURTHER SUPPORT OF ITS OBJECTIONS TO THE HONORABLE MAGISTRATE JUDGE RAMIREZ'S ORDER ON ITS MOTION FOR PROTECTIVE ORDER

Defendant and Counter-Plaintiff Yahoo! Inc. ("Yahoo") hereby files this Reply in further support of its Objections to the Honorable Magistrate Judge Ramirez's Order (Dkt. 77) ("Order") on Motion For Protective Order (Dkt. 84) ("Objections").

## I.      INTRODUCTION

Despite SCA's arguments, this simple truth remains: the Order is contrary to law because it is based on Magistrate Judge Ramirez's erroneous belief that there is no binding case law on the procedure to be followed when the deposition of an apex witness is sought, and it condones a "start at the top" approach, which has been rejected by courts in this Circuit. The Fifth Circuit has made clear that it is not proper to notice the deposition of an apex witness without first seeking the information from other less-intrusive means such as through the depositions of lower-level witnesses or targeted interrogatories. Further, once Yahoo met its initial burden (which it has), it was SCA's burden to show that Ms. Mayer had *firsthand, non-repetitive* knowledge of the facts in this case.

There is no question that SCA failed to utilize less intrusive means of discovery. Indeed, it noticed Ms. Mayer's deposition *prior* to taking a single deposition. Further, it has yet to depose Yahoo executive Kenneth Fuchs, the individual who will be Yahoo's chief 30(b)(6) witness. The evidence produced to date clearly demonstrates that the information which SCA allegedly seeks from Ms. Mayer can be sought from Mr. Fuchs, other Yahoo employees or through other discovery devices.[1] Simply put, allowing the Order to stand condones SCA's improper "start at the top" approach to depositions in clear defiance of the law of this Circuit.

The Order should also be vacated because it is clearly erroneous in the Court's finding that Yahoo did not provide sufficient evidence that the information sought could be obtained

---

[1] In fact, on March 13, 2015 (before it filed its Response), SCA served a second set of interrogatories and requests for admissions regarding topics it contends Ms. Mayer is a "key fact witness" for. SCA should not be allowed to depose Yahoo's highest ranking executive while it may obtain the information it seeks by less intrusive means, as is the approach sanctioned by the Federal Rules of Civil Procedure and this Circuit's precedent.

from another source that is more convenient, less burdensome, or less expensive. In fact: (i) there is no question that Ms. Mayer is an apex witness; and (ii) emails demonstrating that the information SCA allegedly seeks can be obtained from lower-level employees were included in Yahoo and SCA's joint submission. Moreover, despite SCA's contentions otherwise, the Order's scheduling of a deadline for Ms. Mayer's deposition without a current notice or motion to compel her deposition is improper and in violation of the Federal Rules of Civil Procedure.

## II. FACTUAL BACKGROUND

This case arises out of SCA's breaches of two contracts. Ms. Mayer had no personal involvement with either contract, nor did she execute them. These contracts are: (1) Yahoo's Vendor Master Terms and Conditions ("VMTC"), which protects Yahoo's confidential information from disclosure; and (2) the December 27, 2013 prize contract between SCA and Yahoo ("Prize Contract"), which incorporates the VMTC by reference. (*See* Dkt. 11, ¶¶ 6-7.) The contractual relationship between SCA and Yahoo relevant to this case began in December 2011, when Yahoo and SCA entered into a contract ("December 2011 SOW") that bound SCA to the terms of the VMTC. (*Id.* ¶¶ 5-7; Dkt. 24 at 3.) Ms. Mayer was not Yahoo's Chief Executive Officer, President, or Director, nor was she even employed by Yahoo at the time SCA and Yahoo entered into the December 2011 SOW. (Dkt. 54-1.)

In its Initial Disclosures dated June 5, 2014, Yahoo disclosed six witnesses that were directly involved with the unique promotional concept developed by Yahoo in the summer of 2013, whereby it intended to offer a $1 billion prize promotion tied to the 2014 NCAA Men's College Basketball Tournament bracket (the "Concept"): 1) Kenneth Fuchs: Yahoo's Vice President of Sports Marketing, Entertainment and Games; 2) Marissa Bataille: Yahoo Sports Senior Marketing Manager; 3) Wes Harris: Yahoo Marketing; 4) Clifton Ma: Yahoo Head of Fantasy Sports; 5) Stacie Mannos: Senior Legal Director; and 6) Thi Do: Senior Legal

Director. (Dkt. 11, ¶¶ 4-6; *see also* Dkt. 54-1, Ripo Aff., Ex. A.) It is SCA's improper disclosure of the Concept to Warren Buffett and Berkshire Hathaway Inc. (together "Berkshire Hathaway") without subjecting them to *any* confidentiality agreements that resulted in SCA's breaches in the instant action. (Dkt. 11, ¶¶ 4-6.) The individuals disclosed by Yahoo have personal knowledge of information pertinent to the claims in this lawsuit and worked directly on the Concept and with SCA. (*See* Dkt. 54-1, Ripo Aff. ¶ 3, Ex. A.) Notably, Ms. Mayer was not included on Yahoo's Initial Disclosures because there is no evidence demonstrating that she has any personal, non-repetitive knowledge of the claims at issue in the case. (*Id.* ¶ 3.)

Nonetheless, on December 24, 2014—Christmas Eve—SCA noticed the deposition of Ms. Mayer, Yahoo's highest executive, along with six other depositions of Yahoo witnesses, including a 30(b)(6) witness. (*Id.* ¶ 6.) Shortly thereafter, it noticed the deposition of another apex witness, David Filo, Yahoo's Founder, Chief Yahoo Director, and Director. (*Id.*) After considerable back and forth between the parties, on January 20, 2015, Yahoo filed motions for protective orders to quash the depositions of Ms. Mayer and Mr. Filo. (Dkt. 54 and 55.) On February 6, 2015, the parties submitted a court-ordered joint submission in lieu of an opposition on the motions, attaching in a joint appendix with emails produced by Yahoo. (Dkt. 67). On February 20, 2015, after oral argument, Magistrate Judge Ramirez denied Yahoo's motions for protective and ordered Yahoo to produce Ms. Mayer and Mr. Filo for deposition by March 13, 2015. (Dkt. 77.) On March 6, 2015, Yahoo filed its Objections and a motion to stay the Order because it is contrary to law and clearly erroneous. (Dkt. 84.) Thereafter, the Court granted a stay of the Order until March 27, 2015. (Dkt. 92.) Although Yahoo maintains that neither deposition is appropriate at this time, in an effort to compromise, Yahoo is currently working with SCA to schedule Mr. Filo's deposition.

In its efforts to implicate Ms. Mayer, SCA obscures the real issues relevant to this case. Tellingly, SCA now contends that one of its "main defenses is that the idea for a $1 billion bracket contest is neither confidential nor a trade secret, and that Yahoo itself did not keep the concept of its contest a secret, but instead disclosed it to numerous third parties (including, significantly, Berkshire Hathaway) without any protections in place to keep that information confidential." (Dkt. 95 at 3.) SCA's purported defense, however, is misleading and misrepresents the actual facts. That is to say, SCA cannot in good faith dispute that Bob Hamman, SCA's President and Founder (and alleged friend of Warren Buffet) and Chris Hamman, SCA's Vice President, first presented the Concept to Berkshire Hathaway in or around August 2013—not Ms. Mayer. (Dkt. 85 at 228.) Thus, neither the timeline of events, nor the evidence produced to date support SCA's theory.

### III. MAGISTRATE JUDGE RAMIREZ'S ORDER IS CONTRARY TO LAW

After a party files a timely objection to a magistrate judge's order on a non-dispositive matter, "[t]he district judge in the case *must* … modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added). No matter how deferential the standard of review may be, it is black-letter law that "[a] district court by definition abuses its discretion when it makes an error of law." *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 218 (5th Cir. 2003) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)) (internal citations omitted); *see also Staton Holdings, Inc. v. Russell Athletic, Inc.*, No. 3:09-CV-0419-D, 2010 WL 1372479, at *2 (N.D. Tex. Apr. 7, 2010).[2] "The legal conclusions of the magistrate judge are reviewable de novo." *Staton Holdings*, 2010 WL 1372479, at *1. The Order should be set aside as it is contrary to law *and* clearly erroneous.

---

[2] Contrary to SCA's baseless attacks, Yahoo did in fact address *Staton Holdings* it its Objections. (*See* Dkt. 84 at 4-5; Dkt. 95 at 7 n.1.)

Magistrate Judge Ramirez's conclusion that "there is no binding Fifth Circuit case law on the application of the apex doctrine and the procedure that is to be followed," is incorrect and overlooks established, binding case law in this Circuit. Hr'g Tr. 22:1-3 (Dkt. 85 at 27.) By ignoring binding Fifth Circuit precedent, Magistrate Judge Ramirez rendered a decision condoning a "start at the top" approach to discovery, which is contrary to the law in this Circuit.

Indeed, there is binding Fifth Circuit case law on the procedure to be followed when seeking the deposition of an apex witness. "The Fifth Circuit has recognized the ***need for first utilizing less-intrusive means before taking an apex deposition***, by way of deposing lesser ranking employees." *See Simms v. NFL*, No. 3:11-CV-0248-M-BK, 2013 WL 9792709, at *3 (N.D. Tex. July 10, 2013) (emphasis added); *Schmidt v. Goodyear Tire & Rubber Co.*, No. 2:01-CV-272 HWM, 2003 U.S. Dist. LEXIS 28130, at *3 (E.D. Tex. Jan. 7, 2003) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)) (same). This precedent is directly in line with the Federal Rules of Civil Procedure which mandate that the "the court ***must*** limit the frequency or extent of discovery" when it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) (emphasis added).

The Northern District of Texas has further acknowledged that the ***"most germane"*** consideration when determining whether a protective order is warranted "is the fact that the Plaintiff[] ha[s] not first attempted to depose lower-ranking employees before seeking [the executive's] deposition, as is the approach sanctioned by [Fed. R. Civ. P. 26(b)(1)] and this Circuit's precedent." *Simms v. NFL,* No. 3:11-CV-248-M-BK (N.D. Tex. filed Feb. 20, 2013), Dkt. 176 at 3-4 (citing *Salter*, 593 F.2d at 651; *Schmidt*, 203 U.S. Dist. LEXIS 28130, at *3) (emphasis added); *see also Good Tech. Co. v. Little Red Wagon Tech., Inc.*, case No. 3:11-CV-2373 (N.D. Tex. filed Jul. 1, 2013), Dkt. 181, at *1-2 (granting plaintiff's motion for protective

order and noting that "[p]articularly germane to the Court's determination that the requested relief is warranted is the fact that Defendants have not first deposed lower-ranking employees ... before seeking [the executive's] deposition, as is the approach sanctioned by [Fed. R. Civ. P. 26(b)(1)] and this Circuit's precedent.").

Binding Fifth Circuit case law thus clearly recognizes the need to utilize less-intrusive means to obtain the sought after information, such as deposing lower-level employees or sending interrogatories or requests for admissions, before seeking to depose the apex witness. Here, it is uncontested that SCA did not utilize any less intrusive means before seeking Ms. Mayer's deposition. For these reasons alone, the Order is contrary to law, as it is based on Magistrate Judge Ramirez's erroneous belief that there is no binding case law on the procedure to be followed when the deposition of an apex witness is sought, and it condones a "start at the top" approach, which has been rejected by courts in this Circuit. *See Simms*, 2013 WL 9792709, at *3; *Schmidt*, 2003 U.S. Dist. LEXIS 28130, at *3.

Magistrate Judge Ramirez's Order is also contrary to law because it imposed upon Yahoo a heightened burden based on non-binding Sixth Circuit precedent. (*See* Dkt. 77 at 2 ("[Yahoo] cited to only 4 pages in the joint appendix and therefore provided no or insufficient evidence to show that conducting the depositions would cause … specific harm …. *See Serrano v. Cintas Corp.*, 699 F.3d 884, 900-02 (6th Cir. 2012)…")); Hr'g Tr. 24:10-11 (Dkt. 85 at 29) (the party seeking the protective order "ha[s] to show lack of knowledge *and the specific harm*.") (emphasis added). However, contrary to the Order and contrary to what SCA would lead this Court to believe, the Fifth Circuit does *not* require specific proof of harm. Indeed, Magistrate Judge Ramirez and SCA have not, and cannot, cite to any case from this Circuit supporting such a heightened burden. For this reason also, the Order is contrary to Fifth Circuit law.

### IV. MAGISTRATE JUDGE RAMIREZ'S APPLICATION OF THE LAW TO THE FACTS IS CLEARLY ERRONEOUS

#### A. Yahoo Met Its Burden for the Issuance of a Protective Order

Yahoo *met* any initial burden to demonstrate that Ms. Mayer is an apex witness, and that SCA failed to first utilize less-intrusive means before seeking to depose Yahoo's highest executive, as is the approach sanctioned by this Circuit. Magistrate Judge Ramirez committed an error of law, not because she placed the burden on Yahoo, but *because she overlooked the approach sanctioned by this Circuit*. Had Magistrate Judge Ramirez correctly applied Fifth Circuit law to the facts, she would not have denied Yahoo's Motion For Protective Order, and certainly not *at this stage of the proceedings*. Yahoo maintains that, pursuant to Fifth Circuit law, the deposition of Yahoo's highest ranking executive is premature. (*See, e.g.*, Dkt. 67 at 4, Dkt. 84 at 7); Hr'g Tr. 4:20-23 (Dkt. 85 at 9); Hr'g Tr. 5:1-5 (D. App. at 7); Hr'g Tr. 10:11-17 (D. App. at 12); Hr'g Tr. 11:3-14 (Dkt. 85 at 16); Hr'g Tr. 12:18-22 (Dkt. 85 at 17) ("I'm not suggesting that they can never take Ms. Mayer's deposition. What I'm suggesting is that it is premature at this point … to force the chief executive officer to testify."); Hr'g Tr. 16:24-17:4 (Dkt. 85 at 21-22.)

The Order's factual findings are clearly erroneous for two separate reasons.[3] First, it cannot be said that Magistrate Judge Ramirez considered all the evidence on the record. Indeed, Magistrate Judge Ramirez indicated that she only considered "the evidence that … was specifically cited … in the joint submission," Hr'g Tr. 3:21-22 (Dkt. 85 at 8). It is unclear whether she gave any weight to the prior declaration filed by Yahoo. *See* Hr'g Tr. 7:14-22 (Dkt. 85 at 12) (Ms. Ripo's declaration "was not cited to me anywhere in your joint submission" and "[s]o I'm looking at what you cited me to in your joint submissions, and you cited me to four

---

[3] "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Orthoflex, Inc. v. Thermotek, Inc.*, 990 F. Supp. 2d 675, 683 (N.D. Tex. 2014) (N.D. Tex. Jan. 7, 2014).

pages in the entire joint appendix."). This is clearly erroneous, as the order regarding the joint submission specifically provided that "[t]he joint submission [was] filed in lieu of a response to the motion" (Dkt. 58) – not in lieu of Yahoo's actual moving brief and declaration.

Second, Magistrate Judge Ramirez failed to consider the following uncontroverted facts: (i) Ms. Mayer is an apex witness; (ii) SCA noticed Ms. Mayer's deposition without having deposed a single Yahoo witness; and (iii) SCA did not seek to depose lower-level employees or to obtain the sought after information through targeted interrogatories or requests for admissions before seeking the deposition of Yahoo's highest ranking executive.  There is no question that Yahoo's Affirmation and exhibits, combined with the emails cited to in the joint appendix, were sufficient to meet any initial burden to show that Ms. Mayer is an apex witness and that SCA failed to first utilize less-intrusive means before seeking Ms. Mayer's deposition.

Furthermore, Yahoo specifically asserted that Ms. Mayer has no firsthand, non-repetitive knowledge of the facts in this case and the emails submitted confirm that assertion.  In *Salter*— on which Magistrate Judge Ramirez relied—the court opined that the lower court correctly denied the deposition "in light of defendant's reasonable *assertions* that [defendant's president] was extremely busy and did not have any direct knowledge of the facts." 593 F.2d at 651 (emphasis added).  Indeed, SCA also recognizes that "assertions that the apex witness was busy and did not have knowledge of the facts" are sufficient for "the moving party to meet its initial burden." (Dkt. 95 at 8.)

### B.   SCA Cannot Meet Its Burden of Demonstrating that Ms. Mayer Has Firsthand, Non-Repetitive Knowledge

Finally, pursuant to Fifth Circuit law, after Yahoo met its initial burden (which it did), it was SCA's burden to prove that Ms. Mayer has *firsthand*, *non-repetitive* knowledge of the facts at issue in this case.  *See Good Tech.*, case No. 3:11-CV-2373, Dkt. 181, at *1-2 ("Without

question, as Executive Chairman of the Board of the Plaintiff company, Lee is an apex executive. Moreover, there is insufficient evidence that Lee possesses 'firsthand and *non-repetitive* knowledge' regarding the relevant issues."); *Simms v. NFL*, Dkt. 176 at 3-4 (granting protective order because there was no evidence that deponent possessed "firsthand and non-repetitive knowledge" and plaintiffs had not first attempted to depose lower-ranking employees).

The emails cited by SCA specifically demonstrate that Ms. Mayer had high-level involvement with the Concept, but not that she had *first-hand, non-repetitive* knowledge. *See, e.g., Good Tech.*, case No. 3:11-CV-2373, Dkt. 181, at *1-2 ("while the emails … demonstrate that Lee was involved in various meetings and strategy sessions, they do not show that Lee is the *only person* with knowledge of those events.") (emphasis added); *Computer Acceleration*, 2007 WL 7684605, at *1 (granting protective order notwithstanding fact that Bill Gates may have had *some knowledge* of the issues of the case, as there was no evidence to suggest that his knowledge was "unique" or "unavailable from lower-level employees."). Here, the emails on which SCA relies, are either sent to, from, or copy a host of other non-apex employees including Mr. Fuchs. Even SCA concedes that "Ken Fuchs was *also* involved." (Dkt. 95 at 10). This is precisely the point. Because Ms. Mayer is an apex witness and there is no evidence that she is the "only person with knowledge of those events," SCA should be required to utilize less burdensome means to obtain the sought after information—by deposing others and employing other discovery devices—before noticing the deposition of Ms. Mayer. *Good Tech.*, case No. 3:11-CV-2373, Dkt. 181, at *1-2.

With regard to the four emails referencing potential conversations with other CEOs, these emails are hearsay, properly discussed in the first instance with the individual who wrote the email. (Dkt. 95 at 12) Moreover, *none* of these emails actually include Ms. Mayer. It would

9

create a "tremendous potential for abuse or harassment" to let SCA depose Yahoo's highest ranking executive based on mere conjecture from lower-level employees. *Celerety, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (granting motion for protective order). As counsel for Yahoo proposed during the hearing, SCA should be required to utilize less burdensome means to obtain the sought after information by deposing the lower-level employees who wrote these emails. (*See* Dkt. 84 at 12); Hr'g Tr. 16:11-15 (Dkt. 85 at 21).

V. **MAGISTRATE JUDGE RAMIREZ'S GRANT OF AFFIRMATIVE RELIEF WAS IMPROPER**

In addition to denying the motion for a protective order, Magistrate Judge Ramirez scheduled a 21-day deadline for Ms. Mayer's deposition. SCA contends that the scheduling of a deadline was proper under Federal Rule of Civil Procedure 26(c)(2). (Dkt. 95 at 14-15.) What it fails to mention is that Rule 26(c)(2) provides that "[i]f a motion for a protective order is wholly or partly denied, the court may, *on just terms*, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). The terms on which Ms. Mayer's deposition was ordered to be scheduled, however, are not just.[4] Further, the Court's stay until March 27, 2015 (Dkt. 92) is unreasonable considering that: (i) the witness is extremely busy as she is the CEO of a $4.6 billion company with more than 12,000 employees in 60 countries; and (ii) the new discovery deadline is May 29, 2015.

---

[4] Although Yahoo sought a protective order for the deposition of Ms. Mayer on the grounds that her deposition was premature, Yahoo must be afforded the opportunity to object to the deposition on various grounds provided in the Federal Rules of Civil Procedure and to participate in a meet and confer if there is an objection. *See Sprint Communications Co., L.P. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DWL, 2007 WL 2333356 at *2 (D.Kan., 2007) ("a party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c). . . [Fed. R. Civ. P.] Rule 26(c) does not … protect a party from having to provide discovery on topics [] because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence," which "should be considered in the context of a motion to compel.")

10

## VI. CONCLUSION

This Court should sustain Yahoo's objections because the Order is clearly erroneous and contrary to law.

Dated: March 20, 2015

Respectfully submitted,
/s/ *Thomas Patrick Lane*
THOMAS PATRICK LANE

WINSTON & STRAWN LLP
THOMAS PATRICK LANE
(*Pro Hac Vice*)
tlane@winston.com
DESIREE M. RIPO
(*Pro Hac Vice*)
dmripo@winston.com
DORIAN THOMAS
(*Pro Hac Vice*)
dathomas@winston.com
ISABELLE MERCIER-DALPHOND
(*Pro Hac Vice*)
imercier@winston.com
200 Park Avenue
New York, NY 10166
(212) 294-6700
(212) 294-4700 Facsimile

DARRELL W. COOK & ASSOCIATES,
A PROFESSIONAL CORPORATION
DARRELL W. COOK
State Bar No. 00787279
dwcook@attorneycook.com
CATHERINE A. KEITH
State Bar No. 24046193
catherine@attorneycook.com
One Meadows Building
5005 Greenville Ave. Suite 200
Dallas, TX 75206
(214) 368-4686
(214) 363-9979 Facsimile

**ATTORNEYS FOR DEFENDANT YAHOO! INC.**

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing motion on counsel for SCA via the Court's CM/ECF system on March 20, 2015.

/s/ *Desiree M. Ripo*
Desiree M. Ripo