# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **SCA PROMOTIONS, INC.,** | § | |
| | § | |
|     **Plaintiff and Counter-Defendant,** | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-957 |
| | § | |
| **YAHOO INC.,** | § | **DEMAND FOR JURY TRIAL** |
| | § | |
|     **Defendant and Counter-Plaintiff.** | § | |

_____

### SCA'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
### YAHOO'S NEW COUNTERCLAIMS AND AFFIRMATIVE DEFENSES
_____

Jeffrey M. Tillotson, P.C.
  Texas Bar No. 20039200
  jmt@lynnllp.com
Richard A. Smith
  Texas Bar No. 24027990
  rsmith@lynnllp.com
Jonathan R. Patton
  Texas Bar No. 24088198
  jpatton@lynnllp.com
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
214-981-3800  Telephone
214-981-3839  Facsimile

**COUNSEL FOR PLAINTIFF
SCA PROMOTIONS, INC.**

June 12, 2014

# TABLE OF CONTENTS

**Page**

I. SUMMARY OF THE ARGUMENT ........................................................................... 3

II. RELEVANT BACKGROUND & TIMELINE .......................................................... 3

III. ARGUMENT & AUTHORITIES .............................................................................. 7

    A. Legal Standard ................................................................................................. 7

    B. The Court Should Strike Yahoo's New Counterclaims ..................................... 8

    C. The Court Should Strike Yahoo's New Affirmative Defenses ....................... 10

    D. Even if Yahoo Had Sought Leave, It Would Have Been Denied ................... 12

IV. PRAYER .................................................................................................................. 15

CERTIFICATE OF CONFERENCE ..................................................................................... 15

CERTIFICATE OF SERVICE ............................................................................................... 16

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Adobe Systems Inc. v. Coffee Cup Partners, Inc.*,
   2012 WL 3877783, at *5–7 (N.D. Cal. Sept. 6, 2012) .......................................................... 8, 10

*Cyberonics, Inc. v. Zabara*,
   2013 WL 3713432, at *2 (S.D. Tex. 2013) .......................................................................... 7, 11

*E.E.O.C. v. Morgan Stanley & Co.*,
   211 F.R.D. 225 (S.D.N.Y. 2002) ................................................................................................ 8

*Fahim v. Marriott Hotel Services, Inc.*,
   551 F.3d 344 (5th Cir. 2008) .................................................................................................... 12

*Panoceanis Maritime, Inc. v. M/V Eula B. Devall*,
   2013 WL 264616, at *2 (E.D. La. 2013) ................................................................................ 7, 8

*Security Alarm Financing Enterprises, Inc. v. Parmer*,
   2014 WL 690612, at *4–5 (N.D.W.V. Feb. 21, 2014) ............................................................. 10

*Seitz v. Envirotech Sys. Worldwide*,
   2007 WL 1795678, at *2 (S.D. Tex. 2007) ......................................................................... 7, 10

*Skytop Brewster Co. v. Skytop Intern, Inc.*,
   1993 WL 721287, at *2 (S.D. Tex. 1993) .................................................................................. 8

*Smith v. EMC Corp.*,
   393 F.3d 590 (5th Cir. 2004) .................................................................................................... 12

*Technip Offshore Contractors v. Williams Field Services*,
   No. Civ. A.H. 040096, 2006 WL 581273, at *14–15 (S.D. Tex. Mar. 7, 2006) ...................... 13

**Rules**

Fed. R. Civ. P. 12(b) ........................................................................................................................ 5

Fed. R. Civ. P. 15(a) ................................................................................................................. 7, 12

WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE,
   Civil 2d § 1483 (1990) ............................................................................................................... 7

TO THE HONORABLE COURT:

Plaintiff/Counter-Defendant SCA Promotions, Inc. ("SCA") moves to strike certain newly-asserted counterclaims and affirmative defenses asserted in Defendant/Counter-Plaintiff Yahoo!, Inc.'s ("Yahoo") Answer and Counterclaims to SCA's Second Amended Complaint (Doc. 116), stating as follows:

## I.     SUMMARY OF THE ARGUMENT

Pursuant to an electronic order (Doc. 105) granting leave to file, SCA filed its Second Amended Complaint (Doc. 106) on May 11, 2015. In ostensible response to that pleading, Yahoo filed its Answer and Counterclaims to Plaintiff and Counter-Defendants' Second Amended Complaint. (Doc. 116). In reality, Yahoo used the occasion of its amended answer to assert – without seeking leave, and only a few weeks before the close of discovery – entirely new counterclaims and affirmative defenses that could have been asserted at the outset of this litigation. Because those portions of the amended answer go far beyond responding to SCA's Amended Complaint and disproportionately expand the scope of the case, SCA respectfully requests that the Court strike all of Yahoo's newly-asserted counterclaims, as well as its newly-asserted affirmative defenses against SCA's first cause of action (which SCA has asserted, unchanged, since the beginning of this lawsuit). Furthermore, Yahoo's newly-asserted claims and defenses are untimely filed and would be extremely prejudicial to SCA if they are allowed at this late stage of the case. They should be struck.

## II.    RELEVANT BACKGROUND & TIMELINE

With discovery drawing to a close and the dispositive motion deadline and trial date looming close on the horizon, Yahoo has attempted to add multiple brand new counterclaims and affirmative defenses. Likely realizing that the Court would not grant leave at this stage, Yahoo

instead simply added its new claims and defenses without seeking leave as part of its response to SCA's Second Amended Complaint (Doc. 106) ("SCA's Amended Complaint").

SCA's Amended Complaint added nothing more than an alternative legal theory of damages to address the fact that Yahoo might argue that it did not cancel the Prize Contract. SCA pleaded in the alternative that if Yahoo did not cancel the Prize Contract,[1] then Yahoo breached it and SCA should be entitled to recover its expectation damages under the contract. Even though SCA sought leave to file its Amended Complaint within the Court's deadline to amend the pleadings, Yahoo opposed it, arguing that SCA's Amended Complaint was untimely. (Doc. 53). Recently, however, Yahoo withdrew its opposition in what appears to be a calculated maneuver for it to assert additional claims/defenses.

After SCA's Amended Complaint was filed, Yahoo responded by filing its Answer and Counterclaims to Plaintiff and Counter-Defendant's Second Amended Complaint (Doc. 116). The amended answer includes six affirmative defenses (Nos. 1-5 and 7, collectively the "New Affirmative Defenses") that had not been included in any prior version of Yahoo's answer. The first five of those New Affirmative Defenses assert in various ways that the cancellation fee provided in the parties' agreement is unenforceable, even though SCA has pleaded from the outset of this case that Yahoo is obligated to pay that termination fee to SCA. Yahoo's amended answer also includes new counterclaims (Counts 2 and 5-7, collectively the "New Counterclaims") for breach of contract, fraud, fraudulent inducement, and negligent misrepresentation.

Because one of the primary matters at issue in this motion is the untimeliness of the new counterclaims and affirmative defenses Yahoo is attempting to assert, an understanding of the

---

[1] The Prize Contract refers to the contract for prize coverage between SCA and Yahoo entered into on December 27, 2013. *See* SCA's Second Amended Complaint, Exh. 1 (Doc. 106).

timeline in which the parties' pleadings were filed and subsequently amended, as well as what those amendments were, is key to this motion. Accordingly, SCA presents the operative facts in the form of the following timeline.

**January 30, 2014:** SCA files suit against Yahoo in Dallas County District Court. Plaintiff's Original Petition asserts just one cause of action against Yahoo, for breach of contract seeking to recover $4.4 million based on an agreed-upon cancellation fee provision contained in the Prize Contract. (Doc. 1–3, ¶¶ 11–21). SCA subsequently files Plaintiff's First Amended Petition, which likewise sought recovery of the unpaid cancellation fee. (Doc. 1-4, ¶¶ 11-21).

**March 17, 2014:** Yahoo removes the case to federal court. (Doc. 1).

**March 24, 2014:** Yahoo files its Answer, its first responsive pleading in the case. (Doc. 10). The answer pleads 16 affirmative defenses, none of which involve any allegation that the contractual termination fee is an unenforceable penalty. (Doc. 10, ¶¶ 30-45).

**April 14, 2014:** Yahoo files Defendant's Amended Answer and Counterclaims (Doc. 11), filing within the deadline set by Federal Rule of Civil Procedure 15(a)(1)(A). The amended answer pleads the same 16 affirmative defenses as its predecessor, plus counterclaims for (1) breach of contract, (2) "negligent breach of contract," (3) breach of covenant of confidentiality, (4) breach of fiduciary duty, (5) negligent misrepresentation, and (6) misappropriation of trade secrets.

**August 11, 2014:** The Court partially grants SCA's motion to dismiss each of Yahoo's counterclaims pursuant to Rule 12(b)(6). (Doc. 28). Specifically, the Court dismisses Yahoo's claims for negligent breach of contract, breach of covenant of confidentiality, and negligent misrepresentation. *Id.*

**August 13, 2014:**  The Court enters a scheduling order that establishes December 30, 2014 as the deadline for motions for leave to amend pleadings. (Doc. 29).

**December 30, 2014:**  SCA timely files its Motion for Leave to File Amended Complaint (Doc. 44), which sought leave to add an alternative pleading asserting that if Yahoo did not cancel the Prize Contract,[2] then Yahoo breached it and SCA should be entitled to recover its expectation damages under the contract.  At the time, counsel for Yahoo were opposed to the proposed amendment, arguing that SCA's additional claim was untimely and based on facts that were known to SCA from the outset of the case. (*See* Doc. 53 at 6–8).

**May 8, 2015:**  Yahoo files its Unopposed Motion to Withdraw (Doc. 104), notifying the Court that it no longer opposed the filing of SCA's amended complaint.

**May 11, 2015:**  The Court issues an electronic order (Doc. 105) granting the now-unopposed motion for leave, resulting in SCA's amended complaint being filed that same day.

**May 26, 2015:**  Yahoo files its Answer and Counterclaims to Plaintiff and Counter-Defendant's Second Amended Complaint (Doc. 116), including the New Affirmative Defenses and the New Counterclaims (the New Affirmative Defenses and New Counterclaims are collectively referred to as Yahoo's "New Pleadings").  Yahoo did not seek leave to add any of those new counterclaims and affirmative defenses to the case, but appears instead to have made the tactical decision to substantively expand its counterclaims and defenses under the guise of an answer to Yahoo's amended complaint.  Ironically, Yahoo filed its New Pleadings more than five months after arguing to the Court that SCA's modest Amended Complaint was untimely.

**May 29, 2015:**  Deadline to complete discovery.  (Doc. 72).

**July 1, 2015:**  Deadline to file dispositive motions. (Doc. 72).

---

[2] The Prize Contract refers to the contract for prize coverage between SCA and Yahoo entered into on December 27, 2013.  *See* SCA's Second Amended Complaint, Exh. 1 (Doc. 106).

**September 8, 2015:** Trial setting. (Doc. 72).

### III. ARGUMENT & AUTHORITIES

**A.    Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure governs the process by which a party may amend its pleadings. Under Rule 15, parties can only amend their pleadings without leave in limited circumstances, and at all other times must first receive leave from the court. Fed. R. Civ. P. 15(a). Generally, "after a plaintiff files an amended complaint, the 'defendant is free again to amend his answer without leave of court *in order to respond to plaintiff's amended complaint* . . . .'" *Cyberonics, Inc. v. Zabara*, 2013 WL 3713432, at \*2 (S.D. Tex. 2013) (emphasis added) (citing WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 1483 at 591 (1990)). However, although courts have taken differing positions,[3] the predominant approach in the Fifth Circuit (and nationwide) is that a party must seek leave "to raise new allegations and defenses that go beyond responding to the new matters raised in the amended complaint." *Id.*; *see also Panoceanis Maritime, Inc. v. M/V Eula B. Devall*, 2013 WL 264616, at \*2 (E.D. La. 2013) ("Because the second amended complaint did not expand the scope or theory of the case, defendant is not entitled to raise additional claims that it wholly failed to raise when sued or to expand the scope of the case without permission from the Court."); *Seitz v. Envirotech Sys. Worldwide*, 2007 WL 1795678, at \*2 (S.D. Tex. 2007) (granting motion to strike because "most courts require leave to raise new allegations and

---

[3] "Generally, courts have developed three approaches to the issue, which can be characterized as permissive, moderate, and narrow." *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, 2011 WL 2261298, at \*3 (D. Minn. 2011). Courts adopting the permissive approach allow a party to amend its answer as of right in response to an amended complaint, "without limitation and regardless of the scope of the change in the amended complaint." *Id.* Under the narrow approach, a party is only entitled to respond as of right to an amended complaint if its answer is strictly confined to the new issues raised by the amended complaint. *Id.* Finally, courts following the moderate approach "limit the breadth of the changes allowed in an amended response to the breadth of changes made in the amended complaint." *Id.* at \*4. In *Buffalo Wild Wings*, the court adopted the moderate approach, *see id.*, which several courts have recognized as the most "sensible" and "predominate" in the case literature. *See e.g.*, *Panoceanis Maritime*, 2013 WL 264616, at \*3.

defenses that go beyond responding to the new matters raised in the amended complaint."); *Skytop Brewster Co. v. Skytop Intern, Inc.*, 1993 WL 721287, at *2 (S.D. Tex. 1993) ("[Defendant's] amendment of its counterclaims went beyond a mere response to SB's First Amended Complaint, and therefore leave was required to file the amended counterclaims).

As several courts have noted, "If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause." *See, e.g.*, *Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783, at *5–7 (N.D. Cal. Sept. 6, 2012). Other courts have further observed that allowing a party freely to assert counterclaims in response to an amendment "would deprive the Court of its ability to effectively manage the litigation.'" *Panoceanis Maritime*, 2013 WL 264616, at *2 (quoting *E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)).

**B.** **The Court Should Strike Yahoo's New Counterclaims**

The Court should strike Yahoo's New Counterclaims because they go far beyond the new matters raised in SCA's Amended Complaint and Yahoo did not seek leave to add them. The only matter SCA's Amended Complaint added was an alternative legal theory of damages to address SCA's concern that Yahoo might assert that it did not cancel the Prize Contract. SCA simply pleaded in the alternative, that if Yahoo did not cancel the Prize Contract, then Yahoo breached it and SCA should be entitled to recover its expectation damages under the contract. SCA's Amended Complaint did not add any other claims, causes of action, facts or theories, nor did it expand the scope of the case or materially change SCA's factual allegations.

Yahoo's New Counterclaims, on the other hand, add four additional claims, greatly expand the scope of the case, and are not responsive to SCA's Amended Complaint.

- In <u>Count Two</u> of the New Counterclaims, Yahoo asserts for the first time that SCA breached the Prize Contract by failing to obtain prize coverage for the $1 billion prize. This claim is in no way responsive to SCA's Amended Complaint, and nothing prevented Yahoo from being able to assert it at the outset of the case.

- In <u>Count Five</u> of the New Counterclaims, Yahoo adds a fraud claim based on the same facts underlying its previously dismissed negligent misrepresentation claim – namely, that SCA misrepresented to Yahoo that it would keep the "Concept" confidential. The fraud claim is wholly unresponsive to SCA's Amended Complaint. Further, there is no reason why Yahoo could not have brought this claim at the outset of the case, or at least before the Court's December 30, 2014 deadline for motions leave to amend the pleadings.

- In <u>Count Six</u> of the New Counterclaims, Yahoo asserts a counterclaim for fraudulent inducement nearly identical to its fraud claim, contending that SCA falsely represented it would procure prize coverage for the full prize amount of the contest. Again, this claim has no relation to the simple amendment SCA made in its Amended Complaint, and should have been brought much earlier in the case.

- In <u>Count Seven</u> of the New Counterclaims, Yahoo adds a negligent misrepresentation claim, apparently seeking to resurrect a claim that this Court previously dismissed. That issue aside, the claim has no relation to the amendment SCA made in its Amended Complaint. Like the rest of the New

Counterclaims, Yahoo could have brought (and actually did bring, before it was dismissed) this claim prior to the Court's cutoff for adding new claims.

In sum, SCA added one alternative damages theory to its breach of contract claim against Yahoo. SCA did not change its theory of the case or the scope of the litigation. In response, however, Yahoo purports to add completely new claims that drastically expand the scope of the case. They involve entirely new factual allegations (*e.g.* that SCA falsely represented it would procure prize coverage and that Yahoo relied on those representations) and multiple new legal claims (*e.g.* fraud and negligent misrepresentation). And most importantly for present purposes, they go well beyond responding to the new matters raised in SCA's Amended Complaint. Consequently, Yahoo was required to obtain leave of Court before filing the New Counterclaims. Because Yahoo did not do so, the New Counterclaims should be struck. *See Seitz*, 2007 WL 1795678, at *2 (striking new counterclaims that were "not responsive to, nor reflective of, changes made in the amended complaint"); *see also Security Alarm Financing Enterprises, Inc. v. Parmer*, 2014 WL 690612, at *4–5 (N.D.W.V. Feb. 21, 2014) (striking counterclaims that exceeded theory and scope of amended complaint because counter-plaintiff did not seek leave of court to add them); *Adobe Systems Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783, at *5–7 (N.D. Cal. Sept. 6, 2012) (granting motion to strike defendant's counterclaims and affirmative defenses that "exceeded the breadth" of changes in amended complaint).

C. **The Court Should Strike Yahoo's New Affirmative Defenses**

The Court should also strike Yahoo's New Affirmative Defenses because they also go beyond the scope of SCA's Amended Complaint and Yahoo did not seek leave to add them. SCA amended its complaint to add an alternative breach of contract claim and its expectation damages under the contract, in case Yahoo tried to claim that it did not cancel the Contract. *See* SCA Second Am. Compl. (Doc. 106). From the outset of this case, since January 2014, SCA has

alleged that Yahoo cancelled the Contract and that it owes SCA a cancellation fee under the Prize Contract. Consistent with its prior pleadings, in its Amended Complaint SCA continues to assert that it is owed a cancellation fee. *See* SCA Orig. Pet. ¶¶ (Doc. 1-3 ). Yet Yahoo waited nearly a year and half – and six months after the deadline to seek leave to amend – to assert its New Affirmative Defenses, arguing for the first time that the cancellation provision in the Contract is unenforceable. The New Affirmative Defenses are not in any way responsive to the changes SCA made in its Amended Complaint, and therefore Yahoo was required to seek leave before adding them. Because it did not, they should be struck.

*Cyberonics, Inc. v. Zabara*, 2013 WL 3713432 (S.D. Tex. 2013), is instructive on this point. In that case, Zabara filed amended counterclaims clarifying the scope of his requested damages and alleging that certain contractual provisions were ambiguous. *Id.* at *1. Cyberonics answered Zabara's amended counterclaims and included five new affirmative defenses without seeking leave from the court. *Id.* at *2. Zabara moved to strike Cyberonics' newly asserted affirmative defenses, arguing that they did not respond to the amendments in his amended pleading, and that Cyberonics was therefore required to seek leave to add them. *Id.* Because discovery had closed, Zabara also argued that allowing the new affirmative defenses would be extremely prejudicial to him. *Id.* The court agreed with Zabara that several of the new affirmative defenses were beyond the scope of his amended counterclaims and that leave was required to add them. *Id.* at *3.

As in *Cyberonics*, the New Affirmative Defenses here are beyond the scope of SCA's Amended Complaint. Yahoo has known all along that SCA was seeking payment of a cancellation fee under the Contract but failed to assert that the provision was unenforceable until this late stage of the litigation. The New Affirmative Defenses bear no relation to SCA's

amendment, and thus Yahoo was required to obtain leave before adding them. The Court should therefore strike the New Affirmative Defenses.

D. **Even if Yahoo Had Sought Leave, It Would Have Been Denied**

At this late stage, had Yahoo sought leave to add its New Pleadings, it almost certainly would have been denied. The fact that Yahoo would not have been able to obtain leave further underscores the need for the Court to grant SCA's Motion to Strike and thwart Yahoo's crafty attempt to circumvent the rules.

Because the Court's deadline to amend the pleadings had expired, Yahoo would have been required to show good cause to modify that order. *See Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (holding that when a party seeks to amend its pleadings after a scheduling order deadline, it "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply" (internal citation omitted)). Yahoo cannot show good cause because it could have asserted its New Pleadings from the very beginning of the case and therefore would not have been granted leave to file them more than five months after the deadline.

Even if Yahoo could have shown good cause, the five factors that courts consider when deciding whether to grant leave under Rule 15 weigh heavily against it. They are: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 594 (5th Cir. 2004). Had Yahoo sought leave, each of those factors would have counseled against allowing the New Counterclaims and New Affirmative Defenses.

Yahoo is plainly guilty of undue delay in bringing the New Pleadings, waiting until six months after the deadline to seek leave to amend, and only three days before the close of discovery, to assert claims and defenses that it could have asserted at the outset of the case. The

New Pleadings are not based on any new information revealed in discovery; indeed, Yahoo has known all along that SCA did not reach a final agreement with its underwriters prior to the time Yahoo terminated the Contract (which, as Yahoo knows, was its own fault, as it never provided SCA with the final rules for the promotion). Yahoo has also known from the outset of this case that SCA is seeking payment of the cancellation fees in the Contract, yet it waited over a year and a half to assert that the provision is unenforceable. Whether Yahoo's delay is the result of gamesmanship or innocent neglect, the result is the same: it has no valid excuse for waiting this long to assert its New Pleadings.

Allowing the New Pleadings would also be extremely prejudicial to SCA. Defending against them would require SCA to engage in additional discovery that it does not have time to take at this late stage in the litigation. For instance, Yahoo has asserted that SCA made several fraudulent representations, so SCA would need to find out more details about these allegations, such as who at SCA Yahoo alleges made them, to whom they were alleged made, when they were allegedly made, how Yahoo relied on them, and how Yahoo was damaged by them. Furthermore, SCA has not had an opportunity to take discovery to rebut Yahoo's late assertion that the cancellation fee provision in the Contract is unenforceable. SCA would need additional discovery related to the negotiation of that provision, its mechanics, and Yahoo's acknowledgment that it was a reasonable forecast of SCA's damages. At this point, however, SCA has already deposed all of Yahoo's primary witnesses, so obtaining this additional discovery would come at a hefty price tag in what has already been a very expensive case for SCA.[4] *See Technip Offshore Contractors v. Williams Field Services*, No. Civ. A.H. 040096, 2006 WL 581273, at *14–15 (S.D. Tex. Mar. 7, 2006) (denying motion to amend and holding

---

[4] All of Yahoo's witnesses are located in California, so even if Yahoo allowed SCA to depose them again, the expense to SCA would be exacerbated by the costly travel required to do so.

that defendant waived defense that contract provision was an unenforceable liquidated damages penalty because it failed to raise the defense until after the close of discovery and "allowing such a late pleading would unfairly surprise and prejudice" the plaintiff). Moreover, even if cost and feasibility were not issues, SCA would still be prejudiced because it would not be able to take this additional discovery before the impending dispositive motion deadline.

Yahoo's amended pleadings are also futile. As detailed in SCA's Motion to Dismiss, for multiple independent reasons, Yahoo's counterclaims for fraud and negligent misrepresentation fail to state a valid claim. *See* SCA Mot. to Dismiss (*forthcoming*). Indeed, this Court previously dismissed Yahoo's Negligent Misrepresentation claim, but for some reason Yahoo seeks another bite at that apple. *See* Order Granting SCA Mot. Dismiss at 9 (Doc. 28) (dismissing Yahoo's Negligent Misrepresentation claim).

Yahoo's New Affirmative Defenses are equally futile because the cancellation provision in the Contract is not a liquidated damages provision. Rather, it is an agreed upon amount that Yahoo could pay to terminate the contract prior to owing the full contract price. By cancelling the contract, Yahoo was exercising a right under the parties' agreement, and the cancellation fee was the price Yahoo agreed to pay for that right. Liquidated damages provisions, on the other hand, are preset amounts to compensate a party for a *breach*. Here, by terminating the contract, Yahoo was not breaching it but was instead exercising one of its *rights of performance* (*i.e.* termination) under the contract.

Thus, because Yahoo would have been unable to obtain leave to add its New Pleadings, the Court should strike them to prevent Yahoo from sidestepping the rules of civil procedure by adding new claims and defenses at this late juncture.

## IV. PRAYER

For the foregoing reasons, the Court should enter an order striking counts 2, 5, 6, and 7 of Yahoo's counterclaims, as well as its affirmative defenses numbers 1–5. SCA also requests all alternative or additional relief for which the Court may conclude SCA has shown itself to be justly entitled.

DATE: June 12, 2015    Respectfully submitted,

*[signature]*

Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
jmt@lynnllp.com
Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Jonathan R. Patton
Texas Bar No. 24088198
jpatton@lynnllp.com
**LYNN TILLOTSON PINKER & COX, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR PLAINTIFF
SCA PROMOTIONS, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel conferred on June 12, 2015 via telephone and email with counsel for Yahoo concerning the relief requested in this motion. Counsel for Yahoo would not agree to the relief requested herein but did request to review SCA's authority supporting its position. SCA will not agree to delay the filing of its motion but will update this certificate of conference if necessary after counsel for Yahoo has had an opportunity to review the authority cited in the motion.

*/s/Jonathan R. Patton*
Jonathan R. Patton


## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record is being served by ECF on June 12, 2015:

Thomas Patrick Lane *(Pro Hac Vice)*
tlane@winston.com
ERIN R. RANAHAN *(Pro Hac Vice)*
eranahan@winston.com
DESIREE M. RIPO (*Pro Hac Vice*)
dmripo@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
(212) 294-4700 Facsimile

Darrell W. Cook
DARRELL W. COOK
dwcook@attorneycook.com
CATHERINE A. KEITH
catherine@attorneycook.com
DARRELL W. COOK & ASSOCIATES,
A PROFESSIONAL CORPORATION
One Meadows Building
5005 Greenville Ave. Suite 200
Dallas, TX 75206
(214) 368-4686
(214) 363-9979 Facsimile

Jeffrey M. Tillotson, P.C.

4827-7274-5508, v. 1